IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| Sulaika Busurmankulova o/b/o T.B.,[1] | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:26-cv-351-CDL-ALS |
| | : | |
| Warden, STEWART DETENTION CENTER, *et al.*, | : | |
| | : | |
| Respondents. | : | |

**ORDER**

On March 6, 2026, the Court received a purported application for habeas corpus relief under 28 U.S.C. § 2241 filed by Sulaika Busurmankulova as next friend for T.B., who is currently detained at Stewart Detention Center in Lumpkin, Georgia. (ECF No. 1). Mrs. Busurmankulova did not seek permission to file the application as next friend for T.B., but in her signed declaration, Mrs. Busurmankulova contends that she is the spouse of T.B. (ECF No. 1-4, at 1). Petitioner does not elaborate any further on what grounds support Mrs. Busurmankulova acting as next of friend. Having considered Mrs. Busurmankulova's allegations, the Court finds that her allegations contain insufficient information to support granting Mrs. Busurmankulova next friend status.

A person acting as "next friend" may file a habeas petition on behalf of another who is unable to seek relief himself. *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) (citing *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999)); *see also* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). One prerequisite to such standing,

---

[1] The Clerk is **directed** to update the docket to reflect the Court's modification to the style of this case.

however, is that the next friend "provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." *Francis*, 246 F. App'x at 622 (quoting *Whitmore v. Arkansas*, 494 U.S. 149, 163 (1990)). Further, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate," and "it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Whitmore*, 494 U.S. at 163-64. The burden is on the applicant to be "next friend" to establish the entitlement to that status. *Id.* at 164.

Here, Mrs. Busurmankulova has not met this standard. This Court, like a great many other courts across the country, receives daily filings from individuals detained by the nation's immigration enforcement programs. Consequently, the Court will afford Mrs. Busurmankulova one opportunity to file a motion requesting permission to proceed as next friend and which addresses the requirements to show next friend status by an unsworn declaration under the penalty of perjury in accordance with the requirements of 28 U.S.C. § 1746. With her motion to proceed as next friend, Mrs. Busurmankulova may also submit a brief no longer than three (3) pages with her argument for next friend status. Alternatively, Mrs. Busurmankulova may have T.B. complete and sign his petition. The Clerk is directed to forward a blank § 2241 petition to Mrs. Busurmankulova for T.B.'s use. The motion, briefing and declaration, or the petition signed by T.B., shall be due **within twenty-one (21) days** of the date of this Order. Failure to comply with this Order may result in the Court recommending the dismissal of this matter.

**SO ORDERED**, this 9th day of March, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE