**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

Sulaika Busurmankulova o/b/o T.B.,    :

                    :

        Petitioner,    :

                    :

v.    :    Case No. 4:26-cv-351-CDL-ALS

                    :

Warden, STEWART DETENTION    :
CENTER, *et al.*,    :

                    :

        Respondents.    :

_____

**ORDER AND RECOMMENDATION**

Before the Court is a Motion to Proceed as Next Friend (ECF No. 5) on behalf of T.B. filed by Sulaika Busurmankulova. On March 6, 2026, Mrs. Busurmankulova filed a petition for habeas corpus relief under 28 U.S.C. § 2241 purporting to act as next friend on behalf of T.B., who is detained at Stewart Detention Center in Stewart, Georgia. (ECF No. 1). The Court found Mrs. Busurmankulova's allegations insufficient to establish next friend standing and afforded her twenty-one days to either move for next friend status by unsworn declaration under 28 U.S.C. § 1746 or submit a petition with T.B.'s signature. (ECF No. 5). In response to the Court's March 9, 2026 Order, the Court received the instant Motion to Proceed as Next Friend (ECF No. 6). For the following reasons, the Motion to Proceed as Next Friend (ECF No. 5) is **DENIED.** It is **RECOMMENDED** that Petitioner's Petition for Habeas Corpus Relief (ECF No.1) be **DISMISSED without prejudice** for lack of jurisdiction.

A person acting as "next friend" may file a habeas petition on behalf of another who is unable to seek relief himself. *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) (citing *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999)); *see also*

28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). One prerequisite to such standing, however, is that the next friend "provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." *Francis*, 246 F. App'x at 622 (quoting *Whitmore v. Arkansas*, 494 U.S. 149, 163 (1990)). Further, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate," and "it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Whitmore*, 494 U.S. at 163-64. The burden is on the applicant to be "next friend" to establish the entitlement to that status. *Id.* at 164.

Mrs. Busurmankulova's Motion fails to establish the next-friend standing required by *Whitmore v. Arkansas*, 495 U.S. 149 (1990), and without such standing this Court lacks jurisdiction to consider the petition. In support of the first prong, Mrs. Busurmankulova contends that T.B.'s "circumstances make it practically impossible for him to prepare, verify, and file a federal habeas petition without assistance." (ECF No. 6, at 2). She points first to language, asserting that Petitioner "lacks sufficient English proficiency to read or understand the English-language legal forms and instructions provided by the Court" and that "he cannot understand the English-language tablets or the law library at the detention center." *Id.* She then turns to finances, noting that Petitioner's detention caused "the complete loss of household income, leaving the family without financial resources to retain private counsel," and that *pro bono* assistance is "extremely limited" for detainees requiring communication in Kyrgyz or Russian. *Id.* at 3. Finally, she states "financial hardship, childcare responsibilities, and geographic distance

make it impossible for her to travel to the detention facility to assist Petitioner in preparing and executing legal filings." *Id.*

Mrs. Busurmankulova's assertions under the first prong are conclusory and, without more, do not satisfy her burden of establishing next-friend standing. Her Motion does no more than repeat that T.B. cannot file due to detention, language barriers, and lack of financial resources, but provides no adequate explanation why T.B. is unable to prosecute this action on his own behalf. *See Francis*, 246 F. App'x at 623 (finding next friend lacked standing where petition "did not explain why it was necessary" to resort to the next-friend device and "provided no reasons in support of this blanket assertion" that the petitioner was unable to initiate the action himself). The barriers Mrs. Busurmankulova identifies (detention-related restrictions on access to legal materials, limited ability to prepare filings, and lack of financial resources) are, "however unfortunate," the reality for virtually all individuals facing immigration detention and do not alone establish the inaccessibility or incapacity that *Whitmore* demands. *See Ayala o/b/o E.S.R-M. v. Warden, Stewart Detention Center*, No. 4:26-cv-106-CDL-ALS, at 2 (M.D. Ga. Jan. 22, 2026) (holding that barriers shared by virtually all immigration detainees do not constitute the inaccessibility or incapacity required under *Whitmore*). Moreover, the practical barriers she identifies speak primarily to her own constraints in traveling to assist T.B., not to any incapacity on T.B.'s part to prosecute this action himself. Accordingly, the Motion to Proceed as Next Friend (ECF No. 5) is **DENIED.**

Because Mrs. Busurmankulova has failed to carry her burden on the first prong, her Motion is due to be **DENIED**. Absent next-friend standing, Mrs. Busurmankulova lacks Article III standing to file the petition on T.B.'s behalf, thus stripping this Court of jurisdiction to consider it. *See Francis*, 246 F. App'x at 622 ("Absent 'next friend' status,

3

an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition."); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[W]hen the application for habeas corpus filed by a would-be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition."). Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for lack of jurisdiction. *See Garcia v. Warden, Alligator Detention Ctr.*, No. 2:26-cv-177-JES-DNF (M.D. Fla. Jan. 30, 2026) (dismissing habeas petition without prejudice where proposed next friend failed to establish propriety of next-friend status).

## CONCLUSION

For the foregoing reasons, the Motion to Proceed as Next Friend (Doc. 5) is **DENIED.** Accordingly, it is **RECOMMENDED** that Petitioner's Petition for Habeas Corpus Relief (ECF No. 1) be **DISMISSED without prejudice** for lack of jurisdiction. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to

4

factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED AND RECOMMENDED**, this 6th day of May, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE